UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CURTIS L. WALKER, | ) | |
| Plaintiff, | ) | 3: 08-cv-00495-LRH-VPC |
| vs. | ) | |
| | ) | ORDER |
| C/O KEBLER, *et al.,* | ) | |
| Defendants. | ) | |

Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 was filed September 12, 2008. On October 17, 2008, the court entered an order granting plaintiff's application to proceed *in forma pauperis* and requiring plaintiff to pay an initial partial filing fee of $5.00. (Docket # 4.) On January 29, 2009, the court entered an order finding that plaintiff had paid the initial partial filing fee and also finding that count 2 of the complaint was defective. (Docket # 14.) The court therefore granted plaintiff thirty days to file an amended complaint correcting the noted deficiencies. Id. The court cautioned plaintiff that it would dismiss count 2 unless plaintiff amended his complaint to allege more than verbal harassment on that count. Id. Plaintiff did not file an amended complaint. Accordingly, the court will dismiss count 2.

**I.      Screening Standard Pursuant to 28 U.S.C. § 1915A**

The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of Complaint

This court has screened plaintiff's amended civil rights complaint pursuant to 28 U.S.C. §1915A.  Plaintiff brings this action against defendants C/O Kebler and C/O East, suing each defendant in his or her individual capacity.

In count 1, Plaintiff contends that defendants violated his First Amendment rights to freedom of speech and to petition the government for redress of grievances.  Plaintiff alleges that while he was sitting in the chow hall at Lovelock Correctional Center, C/O Kebler sat down at the table and began to "harass" him.  Plaintiff further alleges that when he politely asked C/O Kebler to leave him alone, C/O Kebler responded by saying "no," and by verbally threatening plaintiff.  Specifically, plaintiff claims that C/O Kebler stated that if plaintiff filed a grievance, C/O Kebler would "shake down" his cell everyday that C/O Kebler works.  Plaintiff also claims that C/O Kebler stated that if plaintiff filed a grievance, C/O Kebler would find a way to put him in the "hole."

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995).  A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).  <u>McDonald v. Hall</u>, 610 F.2d 16, 18 (1st Cir. 1979); <u>see</u> <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action.  <u>Pratt</u>, 65 F.3d at 806.  Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987).

In count 1 of the complaint, plaintiff alleges that C/O Kebler threatened to retaliate against him if he filed a grievance.  This verbal threat  is not an "act," but is merely a threat to act in

response to possible future activity by plaintiff. The court finds, therefore, that the factual scenario alleged by plaintiff does not contain the essential elements of a retaliation claim, i.e., plaintiff has not alleged that defendants acted to retaliate for his exercise of a protected activity. The court must therefore conclude that count 1 does not state a claim for retaliation against the exercise of plaintiff's First Amendment right to petition the government for redress of grievances, and that plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that the count 1 is **DISMISSED** for failure to state a claim for retaliation in violation of plaintiff's rights under the First Amendment.

**IT IS FURTHER ORDERED** that count 2 is **DISMISSED** in accordance with the court's order of January 29, 2009, for failure to state a claim for sexual abuse.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and to close this case.

DATED this 27th day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE